# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|----------|--------------------------|------|---------------|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|------------------------|-----------------------------------------------|---|
| Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings:**       (In Chambers) Order re Plaintiff's Motion to Compel (Dkt. 25)

## I.
## BACKGROUND

On August 16, 2018, Plaintiff QC Labs ("Plaintiff") filed this action against Defendant Green Leaf Lab, LLC, an Oregon limited liability company ("Defendant" or "Green Leaf OR"), for declaratory relief, cancellation of a California trademark registration, common law trademark infringement, and unfair competition based on claims that Defendant is infringing Plaintiff's "common law CANNALYSIS trademark" used in connection with Plaintiff's "scientific cannabis testing laboratory."[1] Dkt. 1 at 1-2. Plaintiff alleges Defendant operates a cannabis testing laboratory in Portland, Oregon, and promotes its testing services using the "CANNALYSIS" mark. Id. at 2. Plaintiff alleges in 2018, Defendant obtained a California trademark registration for the "CANNALYSIS" mark and has use the mark for "its cannabis testing services in California . . .." Id. at 2, 8. Defendant filed its answer on October 22, 2018. Dkt. 14.

---

[1] Despite state laws decriminalizing marijuana possession in certain circumstances, possession of marijuana, even medical marijuana, remains unlawful under federal law. See 21 U.S.C. § 844; James v. City of Costa Mesa, 700 F.3d 394, 405 (9th Cir. 2012) ("Local decriminalization notwithstanding, the unambiguous federal prohibitions on medical marijuana use set forth in the [Controlled Substances Act] continue to apply."). Although one court recently expressed "concern that [a] plaintiff could flagrantly violate federal laws and simultaneously seek the assistance of a federal court of equity to cancel trademarks," Purple Heart Patient Center, Inc. v. Military Order of the Purple Heart of the United States of America, 2014 WL 572366, at *3 (N.D. Cal. Feb. 11, 2014), the issue is not raised by the parties in the Motion and this Court declines to reach it here. Compare id. (finding a California medical marijuana dispensary had standing to challenge defendants' trademarks even though the plaintiff's business violated federal law because defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

On June 13, 2019, Plaintiff filed a "Motion to Compel [Defendant] to Produce a Prepared 30(b)(6) Witness and Response to Requests for Production of Documents." Dkt. 25 ("Motion"). The Motion was accompanied by a Local Rule 37-2.1 Joint Stipulation (Dkt. 25-2, "Jt. Stip.") and supporting and opposing declaration by counsel for the parties with exhibits, portions of one of which was filed under seal (Dkt. 52-3, 25-3). On June 24, 2019, Defendant filed a Local Rule 37.2.3 Supplemental Memorandum. Dkt. 30 On June 26, 2019, Plaintiff filed its Supplemental Memorandum along with a supplemental declaration from counsel with exhibits. Dkt. 31 to 31-5.

In the Motion, Plaintiff seeks an order compelling Defendant to: (1) produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") prepared to answer questions on five previously specified topics; (2) produce all responsive documents from or concerning Green Leaf Lab CA, LLC; (3) produce all documents containing sales information from California customers; (4) reimburse Plaintiff for reasonable attorneys' fees and costs incurred in bringing the Motion; and (5) reimburse Plaintiff for the attorneys' fees and costs needed to take the continued deposition. Jt. Stip. at 31. Defendant disputes that Plaintiff is entitled to any of the foregoing relief and seeks its reasonably attorney's fees and costs incurred in opposing the Motion. Id.

The matter came on regularly for hearing on July 11, 2019 and taken under submission, with Defendant provided an opportunity to submit additional briefing. Dkt. 37. After having carefully reviewed the materials set forth above and the arguments of counsel at the hearing, for the reasons set forth below, the Court GRANTS the Motion.

## II.
## PLAINTIFF'S REQUEST TO RESUME THE RULE 30(b)(6) DEPOSITION
### A. Relevant Law

Rule 30(b)(6) permits a party to notice the deposition of a corporation or other legal entity without specifically naming the individual to be deposed; instead, the noticing party may set forth "with reasonable particularity" the matters on which the examination is requested, thereby requiring the entity to designate one or more individuals to testify on those topics. The designee must be prepared to testify about information known or

---

initiated the dispute by sending plaintiff cease and desist letters, thereby raising a threat of peril to which plaintiff was entitled to address in a declaratory relief action) with CreAgri, Inc. v. USANA Health Services, Inc., 474 F.3d 626, 628, 633-34 (9th Cir. 2007) (holding that to acquire trademark priority, a "use in commerce" means a lawful use, so use of a mark on a label that was not in compliance with federal labeling requirements was not lawfully used in commerce).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

reasonably known to the entity regarding the topics noticed. Rule 30(b)(6). Courts have generally interpreted this to mean that the designee(s) must review the corporation's records and any previous deposition materials. Standard Fabrics Int'l, Inc. v. Dress Barn Inc., 2017 WL 240072, at *6 (C.D. Cal. Jan. 19, 2017); Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., 251 F.R.D. 534, 539 (D. Nev. 2008); Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008). In other words, the designee, with the corporation's assistance, must conduct a "robust internal investigation" of the topics contained in the notice to prepare for the deposition. Standard Fabrics Int'l, Inc., 2017 WL 240072, at *6.

When choosing a designee to speak on its behalf, entities have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and "unevasively" answer questions about the designated subject matter. Bd. of Trs. of Leland Stanford Junior Univ., 253 F.R.D. at 526. Even if the documents are "voluminous and the review of those documents would be burdensome," the deponents are still required to review them in order to prepare themselves to be deposed. Id. Courts properly consider the scope of topics identified for a Rule 30(b)(6) deposition in assessing reasonableness. See Gulf Prod. Co. v. Hoover Supply, Inc., 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011).

### B. Analysis

Plaintiff served a Rule 30(b)(6) deposition notice upon Defendant identifying at least 24 topics for examination, five of which, Topic Nos. 1, 7, 13, 16, and 24 ("the Disputed Topics") are at issue in the Motion. Jt. Stip. at 5-6. The Notice provided that "the terms 'DEFENDANT,' 'GREEN LEAF' 'YOU,' 'YOUR,' and 'YOURS' refer to Defendant Green Leaf Lab, LLC, and includes each of its representatives, agents, attorneys, and other related PERSONS or entities." Id. at 5. The Disputed Topics are:

- Topic No. 1: "YOUR organizational and corporate structure, including YOUR formation, officers, managing agents, management structure and current legal status, and any predecessors, parents, subsidiaries, affiliates, and departments or divisions";
- Topic No. 7: "All good[s] and services that YOU intend to or have advertised, promoted, distributed, offered, provided, or sold in connection with YOUR MARK in California";
- Topic No. 13: "The total annual revenue earned by YOU for goods and services sold in connection with YOUR MARK, in California, for each year since YOU began selling those goods and services";

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | | Date | July 19, 2019 |
|---|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | | |

- <u>Topic No. 16</u>: "The facts and circumstances relating to YOUR decision to use YOUR MARK in connection with goods and services offered in California"; and
- <u>Topic No. 24</u>: "The facts and circumstances relating to COMMUNICATIONS between YOU and any third party relating to THIS ACTION, PLAINTIFF, PLAINTIFF's MARK, and the use of YOUR MARK.

Jt. Stip. at 5-6. Defendant designated its founder and Chief Executive Officer, Rowshan Reordan ("Ms. Reordan"), to testify as to all relevant topics. <u>Id.</u> at 3.

Plaintiff argues Defendant did not meet its obligations under Rule 30(b)(6) because Ms. Reordan was unprepared or unwilling to testify when asked basic questions regarding the Disputed Topics, providing examples from the transcript of the deposition. Jt. Stip. at 7-9. Plaintiff contends Ms. Reordan's "inability to answer basic questions central to this action can be explained by the obstructionist and evasive tactics she employed during the deposition." <u>Id.</u> at 8. Defendant counters that "Ms. Reordan addressed each of the five topics completely and undertook a conscientious good-faith endeavor to answer fully, completely, and unevasively." <u>Id.</u> at 10. Defendant contends "the record reflects Ms. Reordan's repeated efforts to ask for help in using terminology and provide wholly-accurate testimony, and then offering up her own suggestion for meanings when Plaintiff's counsel refused explanation." <u>Id.</u> at 12.

The Court, having reviewed the entirety of the transcripts and video materials from the relevant deposition that were submitted by the parties, finds Defendant did not comply with its obligations under Rule 30(b)(6) with respect to the Disputed Topics because the corporate designee was not prepared to fully and "unevasively" answer questions regarding the Disputed Topics following a "robust internal investigation." <u>See</u> <u>Standard Fabrics Int'l, Inc.</u>, 2017 WL 240072, at *6.

In so finding, the Court notes the following. First, Defendant apparently did not object to any of the Disputed Topics or otherwise claim that the information sought was not discoverable under Fed. R. Civ. P. 26(b) or any other basis prior to the deposition. Thus, any objection to the scope of the Disputed Topics is waived. Second, Defendant does not argue in opposing the Motion that the questions fell outside the scope of the Disputed Topics. <u>See</u> Jt. Stip. at 10-12. Third, as noted, Defendant was required to produce a designee who was prepared to fully and properly respond to all questions on those topics, not just some of them; Defendant did not do so. Instead, Defendant's designee, Ms. Reordan, wholly failed to answer many questions relating the Disputed Topics and sought

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

definitions of commonly used English words such as "morning," "afternoon," "headquarters," "day," "newsletter," etc. See, e.g., Dkt. 25-3, Ex. A at 63:13-17, 84:3-5, 99:1-23, 99:24-100:17, 103:10-14, 106:22-107:9, 117:5-7, 120:4-15, 154:7-13. The questions were not complicated, confusing, or unclear. Defendant must produce a witness who can properly answer such questions without evasion.

Because Defendant did not produce a properly prepared Rule 30(b)(6) witness to testify to the Disputed Topics, Plaintiff is entitled to reopen Defendant's 30(b)(6) deposition to further reasonably question Defendant's designee on the Disputed Topics. See LF Centennial Ltd. V. Z-Line Designs, Inc., 2017 WL 2414791, at *4 (S.D. Cal. May 31, 2017) (finding Rule 30(b)(6) witness's lack of preparation violated the duty to properly prepare for the deposition and warranted a continued deposition on the noticed deposition topic). The reopened deposition may continue, until concluded, for up to an additional three hours of deposition time, as is needed to fairly examine the deponent. See Fed. R. Civ. P. 30(d)(1).

### III.
### PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS
#### A. Relevant Law

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (hereinafter, "Rules" or singularly, "Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

A party may serve on any other party requests, within the scope of Rule 26(b), to produce "the following items in the responding party's possession, custody or control: (A) any designated documents or electronically stored information—including . . . data or data compilations—stored in any medium from which information can be obtained, directly or indirectly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things." Rule 34(a)(1) (emphasis added). The request "must describe with reasonable particularity each item or category of items to be inspected . . . [and] may specify the form or forms in which electronically stored information is to be produced." Rule 34(b)(1)(A), (C).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

The party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C). The production in response to a request for production must "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Rule 34(b)(2)(B).

A propounding party may move for an order compelling an answer or production to a request for production if the responding party fails to produce documents or fails to respond as requested under Rule 34. Rule 37(a)(3)(B)(iv). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw–Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted)); see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

As noted, Rule 34 requires parties to produce responsive documents within their "possession, custody, or control." Rule 34(a)(1). A party need not have "actual possession of the requested document" to be obligated to produce it. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Rather, "control" is sufficient. See In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999); Thales Avionics Inc. v. Matsushita Avionics Sys. Corp., 2006 WL 6534230 (C.D. Cal. Mar. 8, 2006). Control may extend to documents that are nominally held in another corporation's care, including, for example, when stored with a sister corporation or other unrelated entity, because of that entity's "complicity in storing or withholding documents." Uniden Am. Corp. v. Ericsson Inc., 181 F.R.D. 302, 306 (M.D.N.C. 1998). Accordingly, under Rule 34, courts are to "closely examine the actual relationship between two corporations" when one is a party and the other a non-party with claimed control of responsive documents, in order to "guard against not just fraud and deceit, but also sharp practices, inequitable conduct, or other false and misleading actions whereby corporations try to hide documents or make discovery of them difficult." Uniden, 181 F.R.D. at 306 (citing Societe Internationale v. Rogers, 357 U.S. 197, 204 (1958)); see also Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

Inc., 2018 WL 1157752 (C.D. Cal. Mar. 2, 2018) (following a three-day evidentiary hearing, finding third-party entity with no employees, no revenue, no material costs, does not generate financial statements or file tax returns, whose business function is to manage other entities, and whose CEO answers "to the lawyers" for another entity, is a "sham company," the separateness of which may be disregarded for purposes of discovery).

### B. Analysis

On December 4, 2018, Plaintiff served Requests for Production of Documents ("RFPs"), Set One, upon Defendant. Jt. Stip. at 13. Included with the RFPs were definitions, which defined the terms DEFEDNANT, GREEN LEAF, YOU, YOUR, and YOURS to refer to Defendant and "each of its representatives, agents, attorneys, and other related PERSONS or entities." Jt. Stip. at 13. In dispute in the Motion is Defendant's production, or lack thereof, in response to RFP Nos. 1, 2, 4, 10, 14, 23, 36, 37, 38, 44, and 45 (the "Disputed Responses"). Defendant provided no evidence that it objected to the definitions to the foregoing definition in its written responses and, at the hearing, counsel for Defendant could not represent that any such objection was interposed.

In its portion of the Joint Stipulation regarding the Disputed Responses, Plaintiff does not challenge the written Disputed Responses, but instead challenge Defendant's production, or lack thereof, in compliance with those responses. Plaintiff asserts that prior to the Rule 30(b)(6) deposition on May 30, 2019, Defendant had not produced "a single document from or concerning" Green Leaf Labs CA, LLC ("Green Leaf CA"), a California entity that uses the same brand name, CANNALYSIS mark, website, social media accounts, and manager as Defendant as well as operating the same type of business. Id. at 20-21. Plaintiff asserts it is "evident that [Defendant] intentionally withheld documents from or concerning the [Green Leaf CA] entity," noting that Defendant's counsel has advised that Green Leaf CA is "an unaffiliated and unrelated entity and thus any requests to [Defendant] do not apply to [Green Leaf CA]." Id. at 20. Plaintiff argues Defendant and Green Leaf CA "operates as a single enterprise" and discovery should be "permitted into [Green Leaf CA]." Id. at 20-21. As a result, Plaintiff seeks an order compelling: (1) all responsive documents from or concerning Green Leaf CA; and (2) all responsive documents from both entities concerning sales information from California customers. Id. at 22.

Defendant counters that its production and discovery responses have been forthright, including multiple supplemental productions after physical records were discovered that were initially difficult to find. Jt. Stip. at 22. Defendant asserts that it provided "not only documents unequivocally demonstrating its seniority of use for the disputed 'Cannalysis'

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|----------|--------------------------|------|---------------|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

mark in California as early as 2011, but also uses and revenues derived from California that span Defendant's existence to-date." Id. Defendant states that during the June 4, 2019 meet and confer between the parties, it agreed to produce five additional categories of information related to Green Leaf's activity in California. Id. at 22-23. Further, Defendant alleges it maintains its documents apart from the "distinct California entity" Green Leaf CA, and thus cannot produce documents controlled by Green Leaf CA. Id. at 23.

The RFPs at issue are:
- RFP No. 1: "DOCUMENTS sufficient to identify YOUR ownership, business, and corporate structure, including any predecessors or successors, and parent, subsidiary, or affiliate entities, and/or any of YOUR partners";
- In RFP No. 2, Plaintiff requests, "DOCUMENTS sufficient to show any name under which YOU have ever conducted business";
- By RFP No. 4, Plaintiff requests, "All of YOUR business plans RELATING TO YOUR MARK and/or services sold under YOUR MARK";
- RFP No. 10: "All DOCUMENTS and COMMUNICATIONS showing or from which it can be ascertained, the total amount that YOU have spent each year to advertise, market, and/or promote YOUR 'CANNALYSIS' SERVICES";
- RFP No. 14: "All DOCUMENTS RELATING TO YOUR licensing, as described in the Joint Rule 26(f) Report";
- RFP No. 23: "DOCUMENTS sufficient to show any sales of YOUR 'CANNALYSIS' SERVICES in California, including the timing of and parties to such sales";
- RFP No. 36: "All DOCUMENTS RELATING TO all instances in which YOU received any requests, inquiries, or statements from any PERSON RELATING TO whether there is or was some relationship, association, affiliation, or license between YOU and PLAINTIFF, or between PLAINTIFF'S MARK or goods and YOUR MARK or YOUR 'CANNALYSIS' SERVICES";
- RFP No. 37: "All DOCUMENTS RELATING TO any confusion between PLAINTIFF and YOU, between PLAINTIFF'S MARK and YOUR MARK, and/or between PLAINTIFF'S services and YOUR 'CANNALYSIS' SERVICES, including DOCUMENTS RELATING TO any confusion as to any affiliation, approval, or sponsorship between PLAINTIFF and YOU";
- RFP No. 38: "All DOCUMENTS RELATING TO any confusion that YOUR 'CANNALYSIS' SERVICES were sold by, approved by, or affiliated with PLAINTIFF";
- RFP No. 44: "DOCUMENTS sufficient to show the total annual gross and net

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

revenue earned by YOU for each year in connection with YOUR 'CANNALYSIS' SERVICES"; and
- RFP No. 45: "DOCUMENTS sufficient to show the total annual gross and net profits realized by YOU for each year in connection with YOUR 'CANNALYSIS' SERVICES."

Jt. Stip. at 14-20.

In Response to RFP Nos. 1, 2, 4, 10 ,14, 23, 36, 37, 38, and 44, Defendant stated it was "in the process of conducting a diligent inquiry and search in accordance with its obligations under the Federal Rules of Civil Procedure and [would] produce non-privileged, responsive documents at a mutually agreed upon time. Jt. Stip. at 14-19. In response to RFP No. 45, Defendant initially refused to produce responsive documents (Jt. Stip. at 20); however, at the hearing the parties advised that Defendant, through counsel, subsequently agreed to produce "profit and loss statements" of Defendant in response to RFP No. 45.

As an initial matter, it is unclear to the Court what documents Defendant has, and has not, produced in connection with the Disputed Responses. Although Defendant describes various categories of documents it has produced in various productions, it does not appear that Defendant anywhere in the Joint Stipulation or its Supplemental Memorandum ever affirmatively states that it has produced all responsive documents that it agreed to produce in the Disputed Responses. Part of the problem stems from the Disputed Responses themselves, which state responsive documents will be produced but do not state when. As noted above, Rule 34 requires that any agreed-to production must "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Rule 34(b)(2)(B). As Defendant provided no date in its verified responses, those responses did not comply with Rule 34.

As a result, Defendant is ordered to provide a verified statement that it has produced all nonprivileged documents responsive to the RFPs.

The remaining questions raised by the Motion are: (1) must Defendant produce documents relating to Green Leaf CA; and (2) what is the scope of Defendant's possession, custody, and control vis-à-vis Green Leaf CA. The first question is straightforward. The second question is more complicated.

The Court finds that documents relating to Green Leaf CA, if otherwise called for the Disputed Responses and if within Defendant's possession, custody, and control (discussed further below), must be produced. Plaintiff defined "YOU" in the RFPs to

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

include "related" entities. Defendant did not object to that definition. Green Leaf OR (Defendant) and Green Leaf CA, who share entity names, brand names, websites, social media accounts, common business operations, managers, and have at least one common owner, are "related." See Dkt. 25-3, Exh. A at 98:24-25, 150:5-7, 156:1-158:17, Exhs. B-D. Further, Green Leaf OR and Green Leaf CA recently together filed a civil action in which they referred to themselves in the collective, as "GREEN LEAF," and stated Green Leaf CA is "affiliated" with Green Leaf OR. See Dkt. 31-2 at 2-4. Green Leaf CA is, at a minimum, "related" to Green Leaf OR (Defendant).

Thus, as the RFPs' definition of YOU, YOUR, DEFENDANT, and GREEN LEAF included Green Leaf CA, and as Defendant did not object to those definitions, Defendant must produce responsive, nonprivileged documents in its possession, custody, and control as it agreed in the Disputed Responses, including documents relating to Green Leaf CA.

The more difficult question is determining what documents fall within Defendant's possession, custody, and control. As noted, in the Joint Stipulation, Plaintiff asserts that Defendant "and its California entity operates as a single enterprise and discovery is permitted into [Green Leaf CA]." Jt. Stip. at 20-21. In its Supplemental Memorandum, Plaintiff amplifies its request that the Court disregard the corporate separateness of Defendant and Green Leaf CA under an alter ego or alter ego-like analysis, and cites cases applying such analyses. See Dkt. 31 at 1-3. Defendant argues in the Joint Stipulation that Defendant "does not own any part of" Green Leaf CA, a "separate and distinct entity" that "maintains its own laboratory, staff, laboratory record keeping, and accounting records," but does not cite to any evidence in the record in support of those assertions. Jt. Stip. at 23.

Because Plaintiff amplified its arguments in its Supplemental Memorandum, to ensure Defendant had a full and fair opportunity to be heard on the issues raised therein, the Court authorized Defendant to file an optional supplemental brief responding to Plaintiff's Supplemental Memorandum. Dkt. 37. Defendant did not file a further response within the time authorized or seek additional time in which to do so.

"In ruling on Rule 34 motions to compel a corporation to produce documents from another corporation, the courts have defined "control" to include both the legal right to control the company and the actual ability." Uniden, 181 F.R.D. at 305. Entities with common ownership and "are operated out of the same location," among other indicia of common "possession, custody, and control" may be required to produce documents held by the commonly owned entities, even if only one is a party to the litigation. Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564-65 (D. Md. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

"In addition to this absolute form of legal control, courts have also found that one corporation controls another in the situation where one is the alter ego of the other corporation." Uniden, 181 F.R.D. at 305 (citing Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D. 127, 130 (D. Del. 1986)); see also Almont, 2018 WL 1157752 (finding third-party entity with no employees, no revenue, no material costs, no financial statements or tax returns, whose business function is to manage other entities, and whose CEO answers "to the lawyers" for another entity, is a "sham company," the separateness of which may be disregarded for purposes of discovery). In that situation, "the court credits substance over form and ignores the separate corporate entities in order to protect against fraud and deceit. In essence, the court decrees legal control based on the actual control arising from the misuse and abuse of the corporate form." Id. at 305-06. Further:

> The same broad definition of control in Rule 34 applies outside the corporate situation when there is not even commonality of ownership. Control has been found in the following situations: (1) When the assignee of rights will benefit because of the litigation, Compagnie Francaise d'Assurance v. Phillips Petroleum Co., 105 F.R.D. 16, 33 (S.D.N.Y. 1984); (2) when one party has contractually agreed to assist the other in litigation, Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992) (legal right of cooperation in patent assignment); (3) when the parties' history, association, assignments and transactions together show sufficient mutuality, Bank of New York v. Meridien BIAO Bank of Tanzania, Ltd., 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997); and, (4) when a non-party agrees to produce documents at the request of a party, Holland Am Merchants Corp. v. Rogers, 23 F.R.D. 267, 269 (S.D.N.Y. 1959).

Uniden, 181 F.R.D. at 306, n.7. In addition, "where the relationship is thus such that the agent-subsidiary can secure documents of the principal-agent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party." Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue, 839 F.2d 131, 140 (3rd Cir. 1988).

The Court has considered the evidence offered by Plaintiff, in the form of public records and the testimony of Defendant's representative, including evidence of the common use of a brand name, website, social media accounts, a common business operation, pleading admissions in another action, purported control exercised by Defendant, and purported control over at least some of Green Leaf CA's financial records. Jt. Stip. at 21; Dkt. 31 at 2-3. As noted, in contrast, Defendant argues that Green Leaf CA is a "separate

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

and distinct entity" that "maintains its own laboratory, staff, laboratory record keeping, and accounting records" (Jt. Stip. at 23) but points to no evidence in support of its claims of separateness. After the hearing, the Court provided Defendant an opportunity to submit additional evidence and/or argument on the issue, but Defendant did not do so.

The Court finds that based upon the information before it, Plaintiff has demonstrated sufficient "control" by Defendant over Green Leaf CA for the Court to require Defendant to produce documents nominally held by Green Leaf CA.

As an initial matter, the Court notes Defendant and Green Leaf CA are not in a parent-wholly owned subsidiary relationship, nor do the two entities have identical ownership structure. Apparently, Green Leaf CA has a single member, Ms. Reordan, while Defendant "has a more complex ownership," with Ms. Reordan the "Managing LLC Member of Defendant." Jt. Stip. at 23; Dkt. 31-4 at 8 (Response by Defendant to Interrogatory No. 5). Thus, authorities relating to true parent-subsidiary or complete common ownership situations do not apply here.

However, that is not the end of the inquiry because, as noted, "control" can be found outside of those situations. The facts here show Defendant has sufficient control over Green Leaf CA to require Defendant to produce documents nominally held by Green Leaf CA.

First, it is undisputed that the two entities have close ties. Ms. Reordan is the "Managing LLC Member" and CEO of Defendant and is also the sole member/owner of Green Leaf CA. Both entities share the name "Green Leaf" and operate in the same field, cannabis testing.

Second, it is undisputed that the entities share significant resources, including advertising resources such as a website and social media accounts, as well as use of the same purported "CANNALYSIS" mark. Jt. Stip. at 21.

Third, Defendant maintains some control over some financial records of Green Leaf Labs, LLC. Dkt. 35 at 4.

Fourth, the actions of Green Leaf CA, and the control or lack of control exercised by Defendant over Green Leaf CA in connection with those actions, relate directly to the transaction at issue—the use of the purported mark "CANNALYSIS" in connection with cannabis testing laboratories California. See, e.g. Uniden, 181 F.R.D. at 307-08 (where order to compel production is based on "inferred control" rather than actual legal control or

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

alter ego, where the entities have a "shared interest in the underlying business transaction" and extensive "complicity," discovery from the nonparty can "be more expansive").

Fifth, Defendant and Green Leaf CA in a separate lawsuit jointly alleged that they are affiliated, both operate under the "Green Leaf Lab" tradename, contemplated transferring an employee, and collectively own "confidential and proprietary cannabis testing procedures and methodologies" that they collectively "researched, developed, and perfected over time at great expense," and that represent the "heart" of their business. Dkt. 31-2 at 2-4.

Sixth, and of significance here, it appears Defendant intentionally avoided providing information about Green Leaf CA in this action despite valid discovery requests seeking such information. As confirmed at the hearing, despite RFPs that called for information relating to Green Leaf CA, Defendant did not produce a single document identifying or mentioning Green Leaf CA prior to Plaintiff's counsel independently locating a public record referencing Green Leaf CA and using it at a deposition on May 27, 2019, approximately one week before the discovery cutoff. It also appears that Defendant's Rule 30(b)(6) witness, Ms. Reordan, the sole member of Green Leaf CA and the Managing Member and CEO of Defendant, was particularly uncertain in answering questions regarding operations by Defendant (or Green Leaf CA) in California, repeatedly answering "I don't know" about whether Defendant formed a California entity or operates in California, and, when asked whether Defendant has a California office, answered, "That question is confusing to me." See Dkt. 24-2. The foregoing supports the inference that Plaintiff draws, that Defendant intentionally tried to hide the existence of Green Leaf CA for some perceived tactical advantage. The Court finds this evidence particularly instructive in assessing whether Defendant "controls" Green Leaf CA for purposes of producing documents in this action. Courts should, in interpreting "control" under Rule 34, "guard against not just fraud and deceit, but also sharp practices, inequitable conduct, or other false and misleading actions whereby corporations try to hide documents or make discovery of them difficult." Uniden, 181 F.R.D. at 306 (finding a "broad construction" of "control" under Rule 34 "is consonant with American civil process which puts a premium on disclosures of facts to ascertain the truth as a means of resolving disputes"). The Court finds, based upon Defendant's actions during discovery, that such a "broad construction" of control is warranted here.

For the foregoing reasons, the Court finds Plaintiff has met its burden of showing that Defendant has sufficient "control" over documents nominally possessed by Green Leaf CA; Defendant shall produce all such non-privileged documents responsive to the RFPs.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

This finding applies only in connection with the instant Motion and the Disputed Responses and does not constitute a general finding of "alter ego" or any related theory applicable to any other aspect of this case.

## IV.
## THE PARTIES' CROSS-REQUESTS FOR AWARDS OF EXPENSES

Lastly, the parties seek to recover expenses incurred through the Motion and the continued deposition, pursuant to Federal Rules of Civil Procedure 30(d)(2), 37(a)(5)(A), and 37(c). Jt. Stip. at 3, 5, 9, 13, 24-27. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion, the party's attorney, or both to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). This rule also provides that such a payment must not be ordered if the opposing party's response or objection was "substantially justified," or if other circumstances make an award of expenses unjust. Id.

Here, the Court grants Plaintiff's Motion in its entirety. As a result, the Court finds Plaintiff is entitled to an award of reasonable expenses actually incurred by Plaintiff, including reasonable attorney's fees, in connection with the filing of the Motion and in connection with any renewed deposition of Defendant's Rule 30(b)(6) designee. The Court further finds that Defendant's conduct was not substantially justified. The Court encourages the parties to work collaboratively to minimize the expenses associated with the renewed Rule 30(b)(6) deposition.

## V.
## CONCLUSION AND ORDER

Plaintiff's Motion (Dkt. 25) is GRANTED. Further:

o   Defendant shall produce an appropriate Rule 30(b)(6) designee for a deposition to testify as to the Disputed Topics (Nos. 1, 7, 13, 16, and 24) not to exceed three hours at a reasonable date and location noticed by Plaintiff, subject to the geographic limits set by the Rules;

o   Defendant shall produce all non-privileged documents within its possession, custody, and control, including documents nominally within the possession, custody and control of Green Leaf CA, responsive to the RFPs underlying the Disputed Responses (RFP Nos. 1, 2, 4, 10, 14, 23, 36, 37, 38, 44, and 45 (as modified by agreement of the parties)) within ten (10) days from the date of this Order and serve a verified written confirmation that all responsive documents have been provided with the production; and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-01451-JVS (JDEx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | QC Labs v. Green Leaf Lab, LLC | | |

o   Plaintiff's request for an award of reasonable expenses is GRANTED; Plaintiff
    shall file, by no later than twenty-one (21) days from the date of this Order, a
    submission regarding Plaintiff's position regarding an appropriate award,
    supported by appropriate materials including, where appropriate, an explanation
    as to how a particular cost item was or will be incurred. Defendant shall file a
    response to Plaintiff's position by no later than seven (7) days from the date
    Plaintiff's submission is filed. Plaintiff shall advise Defendant of an estimate of
    the total amount Plaintiff intends to seek as soon as practicable to permit the
    parties to discuss a potential, optional, stipulation on the issue of an award of
    reasonable expenses to avoid the necessity of further costs incurred in connection
    with the litigation of the issue.

IT IS SO ORDERED.

                                                            _____ : _____

Initials of Clerk:      mba